IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. ADAMS, | ) | CASE NO. 1:05CV1886 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | <u>ORDER OF PROTECTION</u> |
| Respondent. | ) | |

This matter is before the Court on remand from the Sixth Circuit Court of Appeals to conduct discovery regarding Petitioner, Stanley Adams's ("Adams") lethal injection claim. (Doc. No. 66.) Upon remand, the Court issued an Order requiring the parties to submit a proposed scheduling order for conducting discovery, holding an evidentiary hearing, and for motion practice. On April 17, 2009, the parties each submitted the proposed order. (Doc. No. 71: 72.) Both parties agreed to be bound by a protective order similar to the one the district court issued in *Cooey v. Strickland*, No. 04-CV-1156 (S.D. Ohio Oct. 8, 2008)(Doc. No. 413).

Accordingly, by agreement of the parties, the Court issues a protective order as follows:

Pursuant to Federal Rule of Civil procedure 26(c), the Court **ORDERS** that the following conditions shall govern discovery between Adams and the Warden ("Respondent"):

**(1) General Provisions.** This Protective Order shall govern any testimony given at any deposition or pretrial or trial proceeding in this action, as well as all documents or other materials provided to or requested by counsel for Adams or the Respondent, any pleadings, documents, or other materials that contain, reflect, or disclose information contained in such testimony, documents, or materials required to be disclosed to counsel for Adams or the Respondent. The

testimony, documents, and materials referred to in this paragraph collectively shall constitute "discovery materials."

**(2) Confidential Information.** If any information, including documents, testimony or other materials, is believed by the producing party to contain confidential personal, financial, and/or employment information of the producing party (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"), the information shall be deemed "CONFIDENTIAL" pursuant to this Protective Order when so designated by the producing party, or a producing third party served with a subpoena or otherwise providing discovery in this litigation, in the manner described below.

**(3) Highly Confidential Information.** Any party, or any producing third party served with a subpoena or otherwise providing discovery in this litigation, may designate as Highly Confidential Information ("HIGHLY CONFIDENTIAL INFORMATION") any CONFIDENTIAL INFORMATION that constitutes or reveals the name, address, date and place of birth, Social Security number, rank, race, color, religion, ethnicity, gender, age, sexual orientation, physical description, and any other identifying information of any person who is or has been a member of Ohio's execution team.

**(4) Erroneous Designation.** Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive or forfeit a later claim as to its proper designation.

**(5) Marking of Items.** Any party (or producing third party) may designate any item as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, the

following notice (or its equivalent): "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: FOR ATTORNEYS' EYES ONLY." The "HIGHLY CONFIDENTIAL: FOR ATTORNEYS' EYES ONLY" designation shall be invoked only with respect to that confidential material identified in paragraph 3.

**(6) Confidentiality to be Maintained.** Except as agreed by the designating party, as ordered by the Court, or as otherwise provided herein, information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be maintained as confidential by the party or individual to whom it is furnished, and such information may be disclosed and used by that party or individual only for the purpose of this litigation between Adams and the Respondent and for no other purpose whatsoever. CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not be given, shown, made available, discussed or otherwise communicated for any purpose other than the litigation of this action between Adams and the Respondent, and then only in accordance with the terms and conditions of this Protective Order. All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION and copies or extracts thereof shall be maintained in the custody of counsel for Adams and the Respondent in a manner that limits access only to qualified persons.

**(7) Access to Confidential Information.** Material designated as CONFIDENTIAL INFORMATION, copies thereof, and any confidential material contained therein shall not be disclosed, given, shown, or made available in any way to any person, including Adams, except:

    (a) The Court and its staff;

    (b) The counsel of record for Adams and the Respondent and their staffs,

as well as outside counsel of record for these parties and their staff, with the term "staff" defined to include clerks, paralegals, associates, and secretaries in the regular employ of counsel, <u>but not</u> independent contractors (such as the employees of any outside copy service engaged for photocopying and imaging services);

(c) Third party experts, investigators, or independent consultants who are retained by counsel or by a party to this Protective Order to assist in the investigation, prosecution, defense, or settlement of this action, to the extent necessary for such individuals to prepare a written opinion, prepare to testify, or assist counsel in the litigation of this action, provided that each such expert, investigator, or consultant first signs the confidentiality agreement discussed herein;

(d) Court reporter(s), videographers, and persons preparing transcripts of depositions employed in this action, provided that each such individual first signs the confidentiality agreement discussed herein;

(e) Witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery or trial purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his or her examination with respect to the document is necessary in connection with such testimony;

(f) Any other person as to whom the parties to this Protective Order agree

in writing, provided that each such person first signs the confidentiality agreement discussed herein.

**(8) Access to Highly Confidential Information.** Material designated as HIGHLY CONFIDENTIAL INFORMATION, copies thereof, and any confidential material contained therein shall not be disclosed to any person except the qualified persons listed above in subparagraphs (7)(a), (7)(b), (7)(e), and (7)(f).  In no event shall HIGHLY CONFIDENTIAL INFORMATION be disclosed to a party unless otherwise agreed or ordered.

**(9) Confidentiality Agreement/Affidavit Requirement for Access.** Prior to receiving any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and as a condition to receiving any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, the qualified persons listed above in subparagraphs (7)(c), (7)(d), (7)(e), and (7)(f) must first sign the confidentiality agreement discussed herein.  The party on whose behalf such an affidavit is signed shall retain the original and serve a copy of same on the remaining parties.

**(10)  Third Parties May Also Designate.** Third parties producing documents, testimony, or other materials during the course of this action may designate the same as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order by following the procedures set forth herein, and such information shall thereafter be treated by the parties to this Protective Order in the same manner as if produced by a party and designated hereunder.

**(11)  Filing Under Seal.** All documents and materials filed with the Court that comprise, contain, quote, discuss in detail, or refer to or reveal the contents of material designated

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order, or information taken therefrom, shall be filed in sealed envelopes, or other appropriately sealed containers on which shall be endorsed the title of this action, case number, an indication of the general nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope contains documents that are filed in this case by [*insert name of party*] pursuant to the Protective Order entered in this action, is to be filed and maintained **under seal** by the Clerk, and is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court.

However, copies of any such pleadings, briefs, and memoranda shall be e-filed in the public record with the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION redacted and/or deleted and with such redactions and/or deletions noted as made pursuant to this Protective Order.  Nothing in this Protective Order shall alter the pre-existing requirement that the service copies of any such pleadings, briefs, and memoranda or other materials filed with the Court shall contain full, complete, exact and legible copies of whatever materials are filed with the Court, provided, however, that, as more fully set forth below, any party to this action who receives service copies of any such pleadings, briefs, and memoranda shall be bound by all of the provisions and restrictions contained in this Protective Order with respect to the handling of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION.  Any documents submitted to this Court and any appellate court as provided herein shall thereby become a part of the official record in this case.  In the event that the designated information or material is to be offered into evidence in a hearing, trial,

or other proceeding before this Court, the offering party shall so notify all parties and the Court and the Court shall then consider what steps, if any, should be taken to protect the information or material.

**(12) Inadvertent Production.** The inadvertent production of any information or document without it being properly marked shall not be deemed a waiver or forfeiture of any claim of confidentiality in such information or document. If a party or other supplying person through inadvertence produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without marking it as such in accordance with the provisions of this Order, the party or other supplying person may furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Order. Each receiving party must treat such information as confidential from the date such notice is received. Disclosure of such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION before the receipt of such notice shall not be deemed a violation of this Order.

**(13) Deposition Practice.** In the event that any document or testimony embodying CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is used or revealed at a deposition, the reporter and counsel shall be instructed at any time during the deposition that, pursuant to this Order, the deposition and deposition exhibits containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, if retained by the reporter, shall be retained under seal, and if filed with this Court, shall be filed under seal

with the instructions to the Clerk of this Court set forth in paragraph 9 above.  The reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for Adams or the Respondent (or the designating third party).  Counsel for Adams or the Respondent (or an applicable third party) may designate deposition testimony as containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by providing either oral notice on the record during the deposition or written notice of such designation to the reporter and counsel for the opposing party within thirty (30) days after receipt by any party or its counsel of the transcript of such testimony.  Prior to such time, the entire transcript shall be treated as HIGHLY CONFIDENTIAL INFORMATION.

Counsel shall attempt to agree on where depositions shall be conducted and in the event of a dispute shall promptly contact the Court by telephone.  No persons other than the deponent, the court reporter, counsel for Adams, and counsel for the Respondent shall be permitted to attend these depositions.  No persons other than the deponent, the court reporter, counsel for Adams, and counsel for the Respondent, and counsel's staff shall be informed of these depositions, including the time and place of such depositions.  All documents related to the taking of such depositions shall be appropriately designated and filed under seal.

**(14)  Disclosure to Authors and Recipients.**  Nothing herein is intended to prevent showing a document designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a person whom the document indicates is an author or authorized recipient of the document.  No copies of such documents shall be given to such individuals for them to retain. Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, the discussion by

counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Protective Order.

**(15)  Court Proceedings.** If Adams or the Respondent intend to use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in any hearing conducted in this litigation, that party shall inform the producing party of its intent a reasonable time in advance of the intended disclosure.  Adams and the Respondent shall thereafter make a good faith effort to resolve a manner in which such information may be used in the hearing while minimizing, to the extent possible, the disclosure of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.  In the event of disagreement, the producing party may take the matter up with the Court, and the disclosure of such confidential material shall be subject to the Court's *in camera* procedures and any applicable Court orders.  The producing party is not permitted to file a motion regarding a dispute but must instead first contact the Court to arrange a telephone conference over the dispute.  The Court will permit motion practice and briefing, if necessary, in the event that the dispute is not resolved during the telephone conference.

**(16)  Challenging Designations.** In the event that there is a disagreement as to whether the material has been properly designated, there shall first be an attempt in good faith to resolve such dispute via informal negotiation and stipulation between the counsel involved.  If such negotiation fails to resolve the dispute, the party disputing the designation at issue is not permitted to file a motion regarding a dispute but must instead first contact the Court to arrange a telephone conference over the dispute. The Court will permit motion practice and briefing, if necessary, in the event that the dispute is not resolved during the telephone conference.  The

burden of proving the need for the designation shall be with the party making the designation.

**(17) Good Faith in Making Designations.**  The parties shall act in good faith in making designations as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order, shall use their best efforts to act in good faith to separate out and segregate things and other materials containing confidential information from those that do not contain confidential information, shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed, and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

**(18) Designations Not Admissions.**  Adherence to this Order by Adams or the Respondent shall not be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

**(19) Third-Party Requests for Confidential Information.**  Any person in possession of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order who receives a request or a subpoena or other process for such information from any nonparty to this action or party other than Adams or the Respondent shall promptly give notice by telephone or email and written notice by overnight delivery and/or telecopier to counsel for Adams or the Respondent, as applicable, enclosing a copy of the request, subpoena, or other process.  In no event shall production or other disclosure pursuant to the request, subpoena, or other process be made except upon order of this Court.

**(20) Return or Destruction of Documents.**  Upon final determination of this action as it relates to Adams, including the return of this matter to the Sixth Circuit Court of Appeals, all

copies of all documents containing designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that are in the possession of counsel or authorized third-party experts entitled to access as described above shall either be returned to counsel of record for the designating party or destroyed.  As to destroyed documents, each party shall certify to the other party that such documents have been destroyed.  Return or destruction shall take place within 14 days of the Court's final determination of the action.  Nothing in this paragraph shall preclude counsel from retaining after termination of this action one copy of: (a) pleadings, motions, memoranda, and other documents filed with the Court; and (b) deposition, hearing, and trial transcripts and exhibits; *provided, however,* that such counsel may not disclose the confidential portions of retained materials to any other person and shall keep such materials in a manner reflecting their confidential nature.

**(21) Confidentiality Agreement.**  The parties shall utilize the following confidentiality agreement/affidavit as required herein:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. ADAMS, | ) | CASE NO. 1:05CV1886 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER**

I, _____, being first duly sworn according to law, hereby depose and state as follows:

1. I have received and carefully read a copy of the Protective Order ("Order") entered by the Court in the above-captioned case.

2. I agree to be bound by and to comply with all terms of the Order and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. I agree to hold in confidence and not to disclose to any person not similarly bound by the Order any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION disclosed to me in the course of this litigation, and to use such information only for purposes of this litigation and for no other purpose whatsoever.

4. I agree to return all documents containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to outside counsel from whom I

received such documents and/or by whom I have been retained, at the conclusion of this litigation.

5. I acknowledge that the Court may sanction me if I violate the provisions of the Order and I hereby agree to submit to the jurisdiction of this Court for purposes of enforcement of the Order against me.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Signature of Named Person

_____
Home Address

_____
Occupation

_____
Employer

SWORN TO BEFORE ME and subscribed in my presence this \_\_\_ day of _____, 20\_\_.

_____
Notary Public

**(22)  Additional Protective Orders Not Precluded.**  Nothing herein shall preclude any party from applying to the Court for a Protective Order pursuant to Federal Rule of Civil Procedure 26, or any other rule or statute, regarding the production of particular information or documents not otherwise subject to the provisions of this Protective Order. This Protective Order is without prejudice to the rights of any party hereto to seek modification or relief from the Court, upon good cause shown, from any of the provisions of restrictions provided herein.  Any

producing party shall have the right to waive all or part of the protections hereunder as to its own information.

**(23)  No Application to Public Information or Otherwise Available Information.**  The restrictions and obligations set forth herein relating to information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not apply to any information that (a) the parties agree, or the Court rules, is already public knowledge; or (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party in violation of this Protective Order.

**(24)  Retention of Jurisdiction.**  The Court shall retain jurisdiction over Adams, the Respondent, and those to whom are disclosed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designated hereunder following the termination of this action for enforcement of the provisions of this Protective Order and any subsequent discovery orders entered pursuant to this Order.

**(26)  Survival of this Action.**  This Protective Order shall survive termination of this action.

**IT IS SO ORDERED.**

                                                 S/ *David A. Katz*
                                                 DAVID A. KATZ
                                                 U. S. DISTRICT JUDGE