IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. ADAMS, | ) | CASE NO. 1:05CV1886 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | ORDER |
| Respondent. | ) | |

Before the Court is Respondent, Margaret Bradshaw's ("Respondent") Motion to Certify Interlocutory Appeal and Motion to Stay Proceedings. (Doc. No. 78.) She asks the Court to certify for interlocutory appeal its prior decision to deny the Respondent's Motion to Dismiss. Additionally, she requests that the Court stay this matter pending the Sixth Circuit Court of Appeal's decision on this issue. Stanley Adams, Petitioner, ("Adams"), opposes the Motion. (Doc. No. 79.) For the following reasons, the Court will **GRANT** in part and **DENY** in part the Respondent's Motion to Certify Interlocutory Appeal and Motion to Stay Proceedings.

**I. Procedural History**

On February 17, 2009, the Sixth Circuit Court of Appeals remanded this matter, ordering this Court to conduct discovery and factual development for the lethal injection claim raised in Adams's petition. (Doc. No. 66.) On February 18, 2009, the Court issued an order requiring counsel to submit a proposed scheduling order including discovery, motion practice, and evidentiary hearing, by April 17, 2009. (Doc. No. 67.)

Prior to filing her proposed time line, the Respondent filed a Motion to Dismiss, to which Adams filed a brief in opposition. (Doc. Nos. 70; 73.) The Respondent asserted that the Court should dismiss the lethal injection claim because a lethal injection claim is not cognizable in a

habeas corpus action. Additionally, the Respondent asserted that any new claim that Adams would raise regarding lethal injection would be time barred under the statute of limitations set forth in 28 U.S.C. § 2244(d).

The Court denied the Respondent's Motion to Dismiss. (Doc. No. 76.) The Court observed that the cases on which the Respondent relied to demonstrate that a lethal injection claim may only be brought in a § 1983 action were decided prior to the United States Supreme Court's opinion in *Baze v. Rees*, 553 U.S. 35 (2008).[1] Moreover, the Court reasoned that the Sixth Circuit had remanded the case to it for the limited purpose of conducting discovery regarding Ohio's lethal injection protocol and the Court therefore lacked jurisdiction to entertain the arguments raised in the Respondent's Motion to Dismiss. (Doc. No. 76, at 3.)

Thereafter, the Respondent filed the Motion for Interlocutory Appeal and Motion for Stay now pending before the Court. Therein she asserts that pursuant to 28 U.S.C. § 1292(b), this Court has the authority to certify the issues the Respondent raised in her Motion to Dismiss for interlocutory appeal. She also claims that she can meet the four requirements under the statute that would permit the Court to certify the issues for appeal. Adams opposed the Motion, asserting that the Respondent is requesting a certification for interlocutory appeal on the very issues that currently remain pending before the Sixth Circuit and that were partially the basis for the Sixth Circuit's decision to remand this matter to the Court for factual development.

## II. Applicable Law

Section 1292(b) of Title 28 of the United States Code confers upon district courts the

---

[1] Both opinions on which the Respondent relied were issued by the Southern District of Ohio: *Hill v. Mitchell*, No. 1:98-cv-452, 2007 WL 2874597 (S.D.Ohio Sept. 27, 2007); *Henness v. Bagley*, No. 2:01-cv-043, 2007 WL 3284930 (S.D.Ohio Oct. 31, 2007).

authority to certify issues for appeal while a matter is pending in that court.  It states in pertinent part:

> **§ 1292 Interlocutory Appeal**
>
> \* \* \*
>
> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .  That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
>
> \* \* \*
>
> That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

The purpose of this statute was to "confer on district courts first line discretion to allow interlocutory appeals." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995).  The Sixth Circuit Court of Appeals has observed that the statute contains four requirements: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).  The Sixth Circuit has defined the term "controlling question of law" to mean that, if a court of appeals would reverse the district court's decision, the action would terminate. *Klinghoffer v. Achille Lauro et al.*, 931 F.2d 21, 24 (2d Cir. 1990).  Consequently, rulings on evidentiary issues do not constitute controlling issues of law

under the statute. *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Additionally, collateral issues do not "materially advance the ultimate termination of the litigation." *Vitols*, 984 F.2d at 170.

A district court may grant certain issues for interlocutory appeal while denying others. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 472-3 (6th Cir. 2008). Additionally, the court of appeals is not limited to reviewing only those issues certified for appeal. Rather, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular questions formulated by the district court." *Yamaha Motor Corp., v. Calhoun*, 516 U.S. 199, 205 (1996)(emphasis in original).

### III. Legal Analysis

### A. Question of Law

The questions the Respondent wishes the Court to certify for appeal are clearly questions of law. The Respondent asserts that Adams is not entitled to discovery regarding Ohio's lethal injection protocol both because the issue is cognizable only as a § 1983 action, rather than a habeas action, and because the claim is time barred by the statute of limitations. Both these issues involve questions of law and their applicability to Adams's claim. Thus, the Respondent has met the first prong of the statute.

### B. Question is Controlling

Here, the Court determined in its Order denying the Respondent's Motion to Dismiss that the cases on which the Respondent relied were pre-*Baze* cases and that, because the Sixth Circuit remanded this matter for a limited purpose, the Court had only limited jurisdiction and was therefore precluded from deciding the merits of the Respondent's Motion.

Pursuant to the Sixth Circuit's holding in *Klinghoffer*, the issues certified for interlocutory

appeal would only be "controlling issues of law" if the Sixth Circuit's reversal of this Court's decision would terminate the action. It is unequivocal that if the Sixth Circuit were to reverse the Court's denial of the Respondent's Motion to Dismiss, the result would be a termination of this matter. Thus, the Respondent has met this prong of § 1292(b).

### C. Substantial Ground for Difference of Opinion

In denying the Respondent's Motion, the Court observed that the two cases on which she relied for the proposition that Adams must bring his claims as a § 1983 action were decided prior to *Baze*, and the Court therefore questioned their precedential value. The Court finds there are substantial grounds for a difference of opinion on this issue. While the Court determined that *Baze* may have altered the effect of the cases that the Respondent cited in her Motion, other courts could find that, because the *Baze* Court did not address this issue in its opinion, the two cases to which the Respondent cited provide the Court with persuasive authority on the issue.

The Court also found that it lacked jurisdiction to decide the issue of whether this action must be brought under § 1983. After noting its limited jurisdiction upon remand, the Court held that deciding whether Adams's claims could be raised in a habeas action "would affect the merits of the appeal as this Court then would be determining that the Sixth Circuit was unable to adjudicate a claim for which it already has granted Adams a Certificate of Appealability." (Doc. No. 76, at 3.) The Court therefore concluded that it could not decide the merits of the Respondent's Motion based on its limited jurisdiction. The Court finds here that there are no substantial grounds for difference of opinion regarding this holding. As the Court observed in its prior Order, it cannot decide that the Sixth Circuit acted improperly by choosing to hear Adams's claim in a habeas action.

### D. Immediate Appeal Would Advance Termination of Litigation

-5-

If the Sixth Circuit were to accept the appeal and determine that Adams must bring his action pursuant § 1983, this Court would not be required to factually develop the issue of whether Ohio's lethal injection protocol is constitutional. The Court and parties therefore would be spared the potentially immense undertaking of conducting discovery. Accordingly, the Court finds that immediate appeal could advance the termination of the litigation.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part the Respondent's Motion to Certify Interlocutory Appeal and Motion to Stay Proceedings. (Doc. No. 78.) Specifically, the Court grants the Respondent's Motion for Interlocutory Appeal regarding the Court's determination that *Baze* has changed the legal landscape surrounding the lethal injection issue Adams raises. Conversely, the Court denies certification on its finding that it lacked jurisdiction to hear the merits of the motion. As noted above, if the Sixth Circuit Court of Appeals accepts interlocutory appeal, that court may review this Court's entire order denying the Motion to Dismiss. Pursuant to the authority of § 1292(b), the Court **GRANTS** the Respondent's Motion to Stay these proceedings until the Sixth Circuit has ruled on whether it will hear the Respondent's interlocutory appeal.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE