IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STANLEY T. ADAMS, | ) | CASE NO. 1:05CV1886 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DAVID A. KATZ |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | |
| | ) | <u>ORDER</u> |
| Respondent. | ) | |

Before the Court is Petitioner Stanley Adams's ("Adams") Motion for Reconsideration and to Stay Proceedings pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 81.) Respondent Margaret Bradshaw ("Respondent") opposed the Motion (Doc. No. 82.) For the following reasons, the Court will reserve judgment on the Motion until the Sixth Circuit Court of Appeals has decided whether or not to accept the Respondent's interlocutory appeal as ordered by this Court. (Doc. No. 80.)

**I. Introduction**

In his Motion, Adams informs the Court that another judge on this Court presiding over a capital habeas corpus action has certified a question to the Supreme Court of Ohio regarding whether there is a legal forum in which to litigate the constitutionality of Ohio's lethal injection protocol in light of the United State Supreme Court's holding in *Baze v. Rees*, 533 U.S. 35 (2008). *Scott v. Houk*, Case No. 4:07CV0753 (Adams, J.). The Supreme Court of Ohio has agreed to answer this question and ordered briefing on October 14, 2009. (Doc. No. 81, at 3.)

The Respondent informs the Court in her opposition that she filed a Petition for Permission to Appeal, under Federal Rule of Appellate Procedure 5 and 28 U.S.C. § 1292(b),

with the Sixth Circuit Court of Appeals. *In re Margaret Bradshaw*, Case No. 10-306. She therefore asserts that the Court should stay its decision on this Motion pending the Sixth Circuit's decision whether or not to accept the Respondent's request for interlocutory appeal.

## II. Standard of Review

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only: "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp. Inc. v. Quebecor World , Inc.*, 261 Fed. Appx. 817, 823 (6th Cir. 2008) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). Any "newly discovered evidence" the moving party provides must have been previously unavailable. *Id.* (citing *GenCorp*, 178 F.3d at 834). "Further, under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

## II. Legal Analysis

In his Motion, Adams asserts only that he neglected to direct the Court's attention to the *Scott* Court's decision to certify a question to the Supreme Court of Ohio. Because this assertion does not constitute an error of law, newly discovered evidence, or an intervening change in the law, the Court presumes Adams is attempting to prevent a manifest injustice. Additionally, Adams observes that, because the Supreme Court of Ohio will be deciding some of the identical

issues as the Sixth Circuit, such as the statute of limitations issue the Respondent raises, judicial economy would be served by imposing a stay.

At this juncture, the Court will not decide whether to stay this proceeding to await the Supreme Court of Ohio's decision on the certification question. Rather, the Court will reserve judgment on the Motion until the Sixth Circuit has decided whether or not to accept the Respondent's interlocutory appeal. While some of the questions the Supreme Court of Ohio will answer are pertinent to this litigation, the issue the Court certified for interlocutory appeal, *i.e.*, whether a lethal injection challenge may be brought under § 2254 or must be brought as a § 1983 action, is a purely federal issue. Thus, the Sixth Circuit's adjudication on this issue would not duplicate entirely the efforts of the Supreme Court of Ohio. At some future time, however, the Supreme Court of Ohio's decision may be germane to this proceeding and a stay on that ground may be necessary. Accordingly, the Court will reserve judgment on the Petitioner's Motion until the Sixth Circuit has ruled on whether or not to accept the Respondent's interlocutory appeal.

### IV. Conclusion

For the foregoing reasons, the Court reserves judgment on the Petitioner's Motion for Reconsideration and to Stay Proceedings pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 81.)

IT IS SO ORDERED.

                                                S/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE