UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STANLEY T. ADAMS,** | : | **CASE NO. 1:05 CV 1886** |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE DAVID A. KATZ** |
| vs. | : | |
| | : | |
| **NORMAN ROBINSON, Warden,** | : | |
| | : | **MEMORANDUM OPINION** |
| Respondent. | : | **AND ORDER** |

Before the Court is Petitioner Stanley Adams' ("Petitioner" or "Adams") Motion for Reconsideration of Court's Memorandum of Opinion and Order of August 2, 2013. (ECF No. 129.) Adams asks the Court to reconsider its denial of his requests for judicial notice of a case currently pending in the District Court for the Southern District of Ohio and for further discovery relating to his lethal injection claim. (ECF No. 109.) Also before the Court is Adams' Motion to Stay and Abey. (ECF No. 130.) Through that motion, Adams requests an order staying the transfer of this matter to the Sixth Circuit Court of Appeals until this Court resolves *Jones v. Bradshaw*, Case No. 07-3766. Respondent opposes both motions. (ECF No. 131.) For the following reasons, Adams' motions are denied.

**I.     Relevant Background**

On February 13, 2009, the Sixth Circuit granted Adams' motion to stay the appeal of this Court's denial of his Petition for Habeas Corpus and remanded the case to this Court "for factual development on lethal injection." (ECF No. 66.) On March 27, 2012, after conferring with counsel for both parties, the Court ordered Respondent to produce to Adams' habeas counsel all discovery materials it had produced, and copies of transcripts of all hearings conducted, in the § 1983 action in the United States District Court for the Southern District of Ohio, *Cooey v. Strickland*, Case No. 04 CV 1156 (now entitled *In Re: Ohio Execution Protocol Litigation*, Case No. 2:11 CV 1016 ("*In re OEPL*")), in which Adams and many other death row inmates are challenging Ohio's lethal injection protocol. The Court also ordered the parties to file necessary pleadings with the Court within one hundred and eighty days after discovery was complete. (ECF No. 94.) After having requested and received numerous extensions of time, the parties completed the ordered discovery and submitted briefs to the Court on April 12, 2013.

Adams filed a "Pleading Submitted pursuant to the Court's order of March 27, 2012." (ECF No. 109.) In it, he requested that the Court take judicial notice of *In re OEPL*. (*Id*. at 15-18.) Adams also sought to continue discovery, so that he could investigate the psychological impact of Ohio's deviations from, and changes to, its lethal injection protocol and Ohio's botched executions, and whether "not being sure how his death sentence will be carried out" constitutes cruel and unusual punishment. (*Id*. at 2.) Respondent objected that any further factual development was unnecessary to adjudicate Adams' lethal injection claim. (ECF No. 126.) Respondent also moved for summary

judgment dismissing Adams' lethal injection claims. (ECF No. 110.)

On August 2, 2013, this Court denied Adams' requests and Respondent's motion for summary judgment. (ECF No. 109.) Now Adams has filed motions asking the Court to reconsider its ruling on his requests and to stay the transfer of this matter to the Sixth Circuit until the petitioner in *Jones v. Bradshaw* completes discovery. (ECF No. 129.) Respondent counters that Adams is simply "rehash[ing] the same arguments" in favor of continued discovery, and that he is using the *Jones* case to "bog down" his own habeas case. (ECF No. 131, 1, 4.)

**II.    Analysis**

A motion under Rule 59(e) of the Federal Rules of Civil Procedure allows district courts to alter, amend, or vacate a prior judgment. Fed. R. Civ. P. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 343. 348 (6th Cir. 1988)) (internal quotation marks omitted). It permits courts to amend judgments if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Gencorp, Inc. v. American Internat'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122. However, relief under Rule 59(e) "is an extraordinary remedy and should be granted sparingly because of the interests in finality and

conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998) (Holschuh, J.) (citations omitted). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)).

Here, Adams is attempting to relitigate the issues this Court already decided in its August 2, 2013 Memorandum of Opinion and Order. He does not present a clear error of law, newly discovered evidence, an intervening change in controlling law, or a compelling argument that the denial of the additional discovery he seeks will cause manifest injustice.

In addition, Adams' request to stay this matter until the petitioner in *Jones* has completed discovery would only further delay these habeas proceedings, which the Sixth Circuit remanded to this Court for "limited" discovery in February of 2009, four and a half years ago. Adams does not point to any tangible benefit that would justify extending the duration of his appeal any longer.

**III. Conclusion**

Accordingly, Petitioner's Motion for Reconsideration (ECF No. 129) and Motion to Stay and Abey (ECF No. 130) are denied.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE