# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **STANLEY T. ADAMS,** | : | **CASE NO. 1:05 CV 1886** |
| Petitioner, | : | |
| | : | **CHIEF JUDGE PATRICIA A. GAUGHAN** |
| vs. | : | |
| **TIMOTHY SHOOP, Warden,** | : | <u>**MEMORANDUM OF OPINION & ORDER**</u> |
| Respondent. | : | |

This matter is before the Court upon Petitioner's Motion to Appoint Advisory Counsel. (Doc. 143) Petitioner Stanley Adams, through counsel, has filed in this capital habeas corpus case a motion requesting the appointment of additional counsel, the Capital Habeas Unit of the Federal Public Defender's Office for the Northern District of Ohio, "to assist as advisory counsel for state clemency proceedings, and other end stage litigation as might arise." (Doc. 143 at 1.) Respondent Warden Timothy Shoop has responded to the motion, agreeing that Adams is entitled to court-appointed counsel for clemency proceedings, but opposing the appointment to the extent counsel's duties would "include new litigation, whether state or federal." (Doc. 144 at 1.) For the following reasons, the motion is granted only to the extent discussed herein.

Adams, an Ohio inmate convicted of aggravated murder and sentenced to death in 2001, filed a petition for writ of habeas corpus in this Court in 2006. (Doc. 16.) The Court denied Adams' petition on April 24, 2007. (Doc. 60.) The Sixth Circuit Court of Appeals affirmed that judgment on June 13, 2016, *Adams v. Bradshaw*, 826 F.3d 306 (6th Cir. 2016), and the United States Supreme Court denied certiorari on January 17, 2017, *Adams v. Jenkins*, 137 S. Ct. 814 (2017). The Ohio Supreme Court has scheduled Adams' execution for February 16, 2022. (Doc. 143 at 1.) *See also State v. Adams*, 148 Ohio St. 3d 1449 (2017) (Table). Adams states that he has "exhausted his initial state and federal legal remedies." (Doc. 143 at 2.)

Indigent petitioners in federal capital habeas corpus cases are entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for "adequate representation" pursuant to 18 U.S.C. § 3599(a)(2). Subsection (e) of § 3599 outlines the scope of that representation, stating:

> [E]ach attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures . . . .

18 U.S.C. § 3599(e).

The Supreme Court addressed § 3599(e) in *Harbison v. Bell*, 556 U.S. 180 (2009), holding that the provision "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id*. at 194. Therefore, as Respondent recognizes, Adams is entitled to additional court-appointed and federally funded counsel to represent him in state clemency proceedings.

Respondent also is correct, however, that it is not clear that Adams is entitled to additional federally funded counsel for unspecified "other end stage litigation as might arise," as he requests. (Doc. 143 at 1.) In *Harbison*, the Court indicated that state habeas proceedings occurring after the appointment of federal habeas counsel do not constitute "available post-conviction process" within the meaning of § 3599(e), because "[s]tate habeas is not a stage 'subsequent' to federal habeas." *Id*. In fact, it explained, it is "[j]ust the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief. That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute." *Id*. at 189-90. The court noted, however,

> Pursuant to § 3599(e)'s provision that counsel may represent her client "in other appropriate motions and procedures," a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. This is not the same as classifying state habeas proceedings as "available post-conviction process" within the meaning of the statute.

*Id*. at 190 n.7. The Court further stated that § 3599(a)(2) "provides for counsel only when a state petitioner is unable to obtain adequate representation." *Id*. at 189.

Applying *Harbison*, the Sixth Circuit has denied funding pursuant to § 3599 for federally appointed counsel to represent a habeas petitioner in reopening state post-conviction and competency-to-be-executed proceedings, because the petitioner was "not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he [was] re-opening a state judgment on state-law grounds." *Irick v. Bell*, 636 F.3d 289, 291 (6th Cir. 2011).

Adams has not specified what "end stage litigation" he plans to pursue, making it

3

impossible for the Court to determine whether appointment of counsel for that litigation is authorized under § 3599 and *Harbison v. Bell*. The Court, therefore, grants Adams' motion for appointment of the Capital Habeas Unit of the Federal Public Defender's Office for the Northern District of Ohio to assist as advisory counsel for state clemency proceedings, but denies the motion without prejudice to the extent it relates to that counsel's assistance with any non-clemency proceedings. Adams may renew the motion with regard to new counsel's assistance with "other end stage litigation" when he is able to present the Court with sufficient information for it to determine whether federal funding for such representation would be appropriate.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/5/18